UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER WHEELER,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>        Respondent. | No.  2:15-cv-1383 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Therein, petitioner alleges that the policy of the California Department of Corrections and Rehabilitation ("CDCR") for good-time and milestone credits for violent offenders is arbitrary and capricious in violation of his rights to due process and equal protection.  Respondent moves to dismiss the petition on the grounds that petitioner's claim is procedurally defaulted and unexhausted.  For the reasons set forth below, this court finds petitioner's claim is procedurally defaulted, finds it unnecessary to address the issue of exhaustion, and recommends the petition be denied.

**BACKGROUND**

Petitioner is serving a sixteen-year sentence for 2003 convictions for first degree robbery and first degree burglary with the use of a firearm.  (Pet. (ECF No. 1) at 1.)  At the time he filed his petition, petitioner was incarcerated at California State Prison – Solano ("CSP-Solano").  In a

1

notice filed here on January 11, 2017, petitioner informed the court through a change of address that he had been released. (ECF No. 19.)

On June 9, 2014, petitioner was provided the following notification from prison staff:

> CDCR is currently reviewing cases for offenders sentenced as non-violent second strikers, earning 20% that meet the criteria for recalculation at 33.3% conduct credit. The recalculations are being done in release date order. Sending a CDCR Form 602 or Form 22 will not expedite the recalculation process. You will be notified if there are any changes to your release date once the recalculation is complete.

(Ex. A to Pet. (ECF No. 1 at 30).) On June 19, 2014, petitioner filed an "Inmate/Parolee Appeal" #CSP-S-14-1528. (Id. at 26-28.) Therein, he raised the issues here – that inmates who were similarly situated were receiving an increase in good-time credits and he was not. Petitioner's appeal was initially rejected because it was missing certain documents. (Id. at 34-37.)

In a "screening" response dated July 16, 2014, petitioner was informed that his appeal was rejected because it concerned an "anticipated action or decision." Petitioner was told, "YOU MUST WAIT UNTIL AFTER 10-3-14 TO APPEAL THIS ISSUE. THAT IS THE TARGET DATE FOR COMPLETION OF THE REVIEWS. DO NO RESUMIT UNTIL AFTER 10-3-14." (Id. at 33.) In a July 30, 2014 response to re-submission of the appeal, petitioner was informed that his appeal was "cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(3) . . . YOU WERE ADVISED NOT TO APPEAL THIS ISSUE UNTIL AFTER 10-3-14. YOU DID NOT FOLLOW INSTRUCTIONS. YOUR APPEAL HAS BEEN CANCELLED AND YOU MAY APPEAL THE CANCELLATION." (Id. at 31.)

On November 3, 2014, petitioner filed a petition for a writ of habeas corpus in the Solano County Superior Court. (Ex. 1 to Resp.'s Mot. to Dism. ("MTD") (ECF No. 16-1 at 2-8).) Therein, he made the same allegations made here. On December 17, 2014, the superior court denied the petition for failure to exhaust administrative remedies. (Ex. 2 to MTD (ECF No. 16-1 at 27-28).) Petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal. (Ex. 3 to MTD (ECF No. 16-1 at 30-60).) On January 21, 2015, the Court of Appeal denied the petition without comment. (Id. at 61.) Finally, petitioner filed a petition with the California Supreme Court. (Ex. 4 to MTD (ECF No. 16-1 at 63-92).) The state high court denied

that petition on May 13, 2015 stating "The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921, 925-926.)." (Ex. 6 to MTD (ECF No. 16-1 at 94).)

## MOTION TO DISMISS

Respondent moves to dismiss the petition on the grounds that petitioner's claim is procedurally defaulted and petitioner failed to exhaust his state court remedies. Because the undersigned finds petitioner's claim is procedurally barred, the court need not address the exhaustion issue.

### I.   Legal Standards

#### A.   Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

#### B.   Standards for Procedural Default Bar

As a general rule, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Walker v. Martin, 562 U.S. 307, 315 (2011) (quoting Beard v. Kindler, 558 U.S. 53, 55 (2009)); Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting Coleman v. Thompson, 501 U.S. 722,

////

1   729 (1991)).  The fact that the state court alternatively ruled on the merits does not erase the
2   effect of a procedural bar.  Harris v. Reed, 489 U.S. 255, 264 n.10 (1989).

3         Procedural default is an affirmative defense and the burden of proving the adequacy of a
4   state procedural bar rests with the state.  Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.
5   2003).  To qualify as adequate, the rule must be well established and consistently applied.
6   Walker, 562 U.S. at 316; Beard, 558 U.S. at 59; Greenway v. Schriro, 653 F.3d 790, 797-98 (9th
7   Cir. 2011); Poland v. Stewart, 169 F.3d 575, 577 (9th Cir. 1999).  A state procedural rule is
8   "consistently applied and well-established if the state courts follow it in the 'vast majority of
9   cases.'"  Scott v. Schriro, 567 F.3d 573, 580 (9th Cir. 2009) (citing Dugger v. Adams, 489 U.S.
10  401, 411 n.6 (1989)).  "Once the state has adequately pled the existence of an independent and
11  adequate state procedural ground as an affirmative defense, the burden to place that defense in
12  issue shifts to the petitioner."  Bennett, 322 F.3d at 586.

13        A petitioner can overcome a procedural default by demonstrating cause and prejudice.
14  Coleman, 501 U.S. at 753.  Cause may be based on "some objective factor external to the defense
15  [that] impeded [the party's] efforts to comply with the. . . procedural rule."  Murray v. Carrier,
16  477 U.S. 478, 488 (1986).  An argument that the state court improperly applied its procedural rule
17  does not amount to cause.  The state court, not the federal court, must decide issues of state law.
18  Poland, 169 F.3d at 584 ("Federal habeas courts lack jurisdiction...to review state court
19  applications of state procedural rules.").  Absent any indication that the state court's application of
20  the rule in this case was "clearly untenable" and a "subterfuge to avoid federal review of a
21  deprivation" of constitutional rights, Lopez v. Schriro, 491 F.3d 1029, 1043 (9th Cir. 2007), this
22  court lacks authority to review the state court's decision.

23  **II.     Discussion**

24        The California Supreme Court's citation to In re Dexter signifies that petitioner
25  procedurally defaulted his claim because he failed to exhaust his administrative remedies as
26  required by state law.  In re Dexter, 25 Cal.3d 921, 925-926 (1979) ("[A] litigant will not be
27  afforded judicial relief unless he has exhausted available administrative remedies," including
28  prison grievance procedures.).

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197–98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."); see also Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."). California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment. See Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); In re Muszalski, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); see also Drake v. Adams, No. 2:07–cv–0577 JKS, 2009 WL 2474826, at *2 (E.D. Cal. Aug.11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies. Thus, this doctrine appears to be well established and consistently applied.").

District courts in California have likewise consistently held that if the California Supreme Court denies an exhaustion petition with a citation to In re Dexter, federal habeas review is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support the state court judgment. See, e.g., Belletti v. Montgomery, No. 14-cv-1632 H (JMA), 2015 WL 1321548, at *9 (S.D. Cal. Mar. 18, 2015); Herrera v. Gipson, No. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *3-4 (E.D. Cal. Oct. 27, 2014) (collecting cases); Turner v. Director of CDC, No. 1:14–cv–00392 LJO JLT, 2014 WL 4458885, at *6 (Sept.10, 2014); Riley v. Grounds, No. C–13–2524 TEH (PR), 2014 WL 988986, at *4 (N.D. Cal. Mar. 10, 2014).

////

Here, in light of the California Supreme Court's citation to <u>In re Dexter</u> in its summary denial of petitioner's state petition, the undersigned finds that petitioner's claims are also procedurally barred. <u>See</u> <u>Carter</u>, 385 F.3d at 1197 (one-sentence summary denial of petition incorporating unelaborated case citation sufficient for procedural default). Petitioner has not alleged any facts to cast doubt on the adequacy or consistent application of California's administrative exhaustion rule. <u>See</u> <u>Bennett</u>, 322 F.3d at 586. Nor has petitioner asserted that the California Supreme Court's administrative exhaustion rule "discriminates against claims of federal rights," <u>Walker</u>, 562 U.S. at 321, or that this court's failure to consider his claims for federal habeas relief will result in a fundamental miscarriage of justice, <u>Bennett</u>, 322 F.3d at 580. Finally, although petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice, he has advanced no sufficient arguments here. <u>See id.</u> Petitioner states only that the prison refused to consider his appeal. However, petitioner has failed to show that he attempted to comply with clear directives that he wait a few months to file any challenge to the application of the good-time credit policy. It does not appear that anything prevented him from doing so.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss on the grounds that petitioner's claims for relief are procedurally barred (ECF No. 16) should be granted and this case should be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254 Cases (the

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 30, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/whee1383.mtd fr

7